**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**NATHANIEL C. McCLAIN,**

    Petitioner,

vs.                                                                              Case No. 4:14cv143-RH/CAS

**JULIE L. JONES, Secretary,
Florida Department of Corrections,**[1]

    Respondent.

_____/


**REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION**

Petitioner Nathaniel C. McClain, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, dated January 1, 2014, and docketed in this Court on March 14, 2014.  Doc. 1.  Petitioner challenges his 1976 conviction and sentence entered by the Second Judicial Circuit, Leon County, Florida, after his entry of a guilty plea, in case number 1976-324-CF.  *Id*.

---

[1]The Clerk of Court shall substitute Julie L. Jones as Secretary of the Florida Department of Corrections in place of Michael D. Crews.  Julie Jones became Secretary on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

On March 10, 2015, Respondent filed a motion to dismiss the habeas petition, with attached exhibits. Doc. 22. Respondent asserts the petition should be dismissed as untimely. *Id.*

Petitioner has filed a reply. Doc. 24. Petitioner has also filed a supplement to his reply. Doc. 25; *see* Doc. 26.

The matter was referred to the undersigned magistrate judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show that the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Background and Procedural History

The State of Florida charged Petitioner by indictment on May 12, 1976, with first degree murder, a violation of section 782.04, Florida Statutes, using a firearm in the commission of a felony, a violation of section 790.07(2), Florida Statutes, and three counts of aggravated assault, in violation of section 784.021, Florida Statutes, in connection with events that took place on April 25, 1976, involving the death of George Peoples. Doc. 22 Ex. A. On August 31, 1976, Petitioner, represented by Assistant Public Defender Douglas Kearney, entered a plea to the lesser included offense of

second degree murder, along with the remaining offenses. *Id.* Ex. C. In a written judgment and sentence rendered November 1, 1976, the state trial court sentenced Petitioner to life in prison for the second degree murder offense, ten years in prison for the offense of using a firearm in the commission of a felony, and five years in prison for each of the aggravated assault counts, to run consecutive. *Id.* Ex. D; *see id.* Ex. G at 56. Petitioner appealed his judgment and sentence to the First District Court of Appeal (DCA), *id.* Ex. E, which affirmed the case on April 1, 1977, with a two-sentence opinion, *id.* Ex. F.

In 1984, Petitioner was released from incarceration and placed on parole. Doc. 22 Ex. QQ; see id. Ex. PP at 4 (Petitioner states he was released on parole on August 28, 1984). Petitioner states that while he was released on parole, he was found guilty of two counts of battery and sentenced to six months in county jail, as well as one year of probation. *Id.* Ex. PP at 7. In 1991, the Florida Parole Commission entered an order revoking Petitioner's parole. *See id.* Ex. QQ.

On February 14, 2000, Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. *Id.* Ex. G at 1-14. The State filed a response on April 9, 2001, arguing the Rule 3.850 motion was untimely. *Id.* at 45-47. Petitioner filed a response. *Id.* at 48-53. In an order entered May 3, 2001, the state post-conviction court denied the Rule 3.850 motion as untimely. *Id.* at 56-59. Petitioner appealed the order to the First DCA and filed a brief, assigned case number 1D01-2368. *Id.* Ex. H. On December 4, 2001, the First DCA affirmed the case per curiam, without an opinion. *Id.* Ex. I. Petitioner filed a motion for rehearing, *id.* Ex. J, which the

First DCA denied by order on January 11, 2002, *id.* Ex. K.  On January 29, 2002, the First DCA issued the mandate.  *Id.*  Ex. L.

On August 8, 2002, Petitioner filed another motion seeking post-conviction relief in the state trial court.  *Id.* Ex. M at 1-14.  The state court denied the motion as successive, in an order rendered March 21, 2002, finding "[t]he matters currently raised were decided on the merits in a prior 3.850 motion which was denied on 5/4/01."  *Id.* at 90.  The court also ordered Petitioner "to not file any Motion in this Court related to these same issues."  *Id.*  Petitioner appealed the order to the First DCA, which affirmed the case, assigned number 1D03-1444, per curiam without an opinion on July 21, 2003.  *Id.* Ex. N.  Petitioner filed a motion for rehearing, *id.* Ex. O, which the First DCA denied by order on August 6, 2003, *id.* Ex. P.  The mandate issued September 16, 2003.  *Id.* Ex. Q.

On May 12, 2005, Petitioner filed another post-conviction motion, to correct illegal sentence, in the state trial court.  *Id.* Ex. R at 1-16.  By order rendered September 15, 2005, the court denied the motion "on the ground that it is an abuse of process," finding "[t]he matters currently raised in Defendant's newest Motion to Correct Illegal Sentence were decided on the merits in both of his prior motions."  *Id.* at 31.  The court cautioned Petitioner that "disregard of this prohibition could further result in forfeiture of all or part of his gain time."  *Id.*  Petitioner appealed the order to the First DCA, which affirmed the case, assigned number 1D05-5282, per curiam without an opinion on April 5, 2006.  *Id.* Ex. S.  Petitioner filed a motion for rehearing and request for a written

opinion, *id.* Ex. T, which the First DCA denied by order on May 17, 2006, *id.* Ex. U.  The mandate issued June 2, 2006.  *Id.* Ex. V.

Petitioner had also appealed to the First DCA a separate order entered by the state trial court, on October 27, 2005, which sanctioned him and prohibited him from filing further motions in that court "related to these same issues on his own behalf without the representation of counsel."  *Id.* Ex. W at 48-49.  Petitioner filed an initial brief in that case, assigned number 1D06-216.  *Id.* Ex. X.  The First DCA per curiam affirmed the case without an opinion on October 13, 2006.  *Id.* Ex. Y.  Petitioner filed a motion for rehearing and request for a written opinion, *id.* Ex. Z, which the First DCA denied by order on November 30, 2006, *id.* Ex. AA.  The mandate issued December 18, 2006.  *Id.* Ex. ZZ.

On April 10, 2008, Petitioner filed a petition for writ of habeas corpus in the First DCA.  Ex. CC.  The court denied the petition per curiam without an opinion on May 1, 2008.  *Id.* Ex. DD.  Petitioner filed a motion for rehearing or clarification or written opinion, *id.* Ex. EE, which the court denied by order on June 13, 2008, *id.* Ex. FF.

On August 14, 2008, Petitioner filed another pro se post-conviction motion in the state trial court.  *Id.* Ex. GG at 1-20.  The court denied this motion, finding "[i]t appears that no amount of cautioning, sanctioning, or instructing by this Court has any effect on Defendant's continuous and abusive post-conviction filings" and, further, "Defendant would not be entitled to any relief even if he was not banned."  *Id.* at 28.  Petitioner appealed the order to the First DCA and filed a brief, assigned case number 1D08-4982.  *Id.* Ex. HH.  On February 27, 2009, the First DCA affirmed the case per curiam,

Case No. 4:14cv143-RH/CAS

without an opinion. *Id.* Ex. II. Petitioner filed a motion for rehearing and rehearing en banc, *id.* Ex. JJ, which the First DCA denied by order on April 20, 2009, *id.* Ex. KK. On May 7, 2009, the First DCA issued the mandate. *Id.* Ex. LL.

On July 7, 2010, while incarcerated, Petitioner filed a "Request for Early Termination of Probation." *Id.* Ex. MM at 1-3. The state trial court denied the motion by order rendered July 14, 2010. *Id.* at 4. Petitioner appealed the order to the First DCA and filed a brief, assigned case number 1D10-4309. *Id.* Ex. NN. By order dated October 13, 2010, the First DCA dismissed the case because Petitioner did not respond to an order. *Id.* Ex. OO.

On February 24, 2011, Petitioner filed a petition for writ of habeas corpus in the Madison County Circuit Court, claiming he was improperly held because his parole should not have been revoked. Doc. 22 Ex. PP. The circuit court denied the petition by order rendered March 8, 2011, and explained:

> In 1984, the Petitioner was released on parole. Parole was subsequently revoked by the Florida Parole Commission (Commission) in 1991. On or about June 26, 2009, after approximately nineteen years, the Petitioner filed a petition for habeas corpus challenging the actions of the Commission in revoking his parole. The Petitioner argued that the Commission abused its discretion in disregarding the hearing examiner's recommendation of reinstating parole.
>
> On March 24, 2010, this Court denied the habeas petition by explaining that "[t]he Commission is within its discretion to disregard the hearing examiner's recommendation." *See attached Order Denying Petition for Writ of Habeas Corpus.* The Petitioner appealed this decision, and on December 3, 2010, the First District Court of Appeal affirmed. However, the First District Court of Appeal further stated that because the "petition did not state a basis for relief," "a show cause order should [not] have been issued" by this Court. McClain v. Florida Parole Commission, 2010 WL 4909631[, 53 So. 3d 1051] (Fla. 1st DCA Dec. 3, 2010).

Case No. 4:14cv143-RH/CAS

> On February 28, 2011, the Petitioner filed the instant petition. Again, the Petitioner alleges the Commission abused its discretion in revoking the Petitioner's parole.  Hence, the Court concludes the Petitioner has failed to state a basis for relief.  See Lopez v. Florida Parole Commission, 943 So. 2d 1999 (Fla. 1st DCA 2006); McClain v. Florida Parole Commission, 2010 WL 4909631.  Accordingly, the petition is **DENIED**.

Doc. 22 Ex. QQ.  The court attached its 2010 order denying the previous habeas corpus petition.  *Id.*  Petitioner again appealed to the First DCA, *id.* Ex. RR, and that court affirmed the case, assigned number 1D11-1775, per curiam without an opinion on December 19, 2011, *id.* Ex. SS.  The mandate issued February 22, 2012.  *Id.* Ex. SS.

On July 24, 2012, Petitioner filed a Motion for Relief from Judgment in the Leon County Circuit Court.  *Id.* Ex. TT.  By order rendered December 18, 2012, the court dismissed the motion, noting that Petitioner was barred from filing pro se motions in this case.  *Id.* at 16.  Petitioner appealed to the First DCA and filed an initial brief, assigned case number 1D13-293.  *Id.* Ex. UU.  The First DCA affirmed the case per curiam without an opinion on July 10, 2013.  *Id.* Ex. VV.  Petitioner filed a motion for rehearing en banc, *id.* Ex. WW, which the First DCA denied by order dated August 14, 2013, *id.* Ex. XX.  The mandate issued August 30, 2013.  *Id.* Ex. YY.

As indicated above, Petitioner filed a § 2254 petition in this Court on January 1, 2014.  Doc. 1.  Respondent filed a motion to dismiss the petition as untimely, with exhibits.  Doc. 22.  Petitioner filed a reply, Doc. 24, as well as a supplement to his reply, Doc. 25.

## **Analysis**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id.* at § 2244(d)(1)(B)-(D). The period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* at § 2244(d)(2).[2]

Respondent argues the § 2254 petition is untimely because Petitioner's time for filing a § 2254 petition expired on April 24, 1997. Doc. 22 at 7-8. Respondent's argument is well-taken.

Specifically, as Respondent indicates, Petitioner's 1976 conviction became final prior to the enactment of the one-year limitations period imposed by the AEDPA. Doc. 22 Ex. F. Accordingly, the time period runs for one year from the AEDPA's effective date of April 24, 1996. *See* Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209 (11th Cir.

---

[2] The time may also be equitably tolled in rare cases and "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

1998); Goodman v. U.S., 151 F.3d 1335 (11th Cir. 1998).  Thus, Petitioner had until April 24, 1997, to timely file a § 2254 petition for writ of habeas corpus, or to properly file a state post-conviction motion to toll the AEDPA limitations period.  28 U.S.C. § 2244(d).

   Petitioner did not file anything, however, until February 14, 2000, when he filed a motion for post-conviction relief in state court.  Doc. 22 Ex. G.  This fell well outside the one-year AEDPA limitations period.  See Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for § 2244(d)(2) statutory tolling to apply, petitioner must file his state collateral petition before one-year period for filing his federal habeas petition has run."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll limitations period.  A state-court petition . . . filed following expiration of limitations period cannot toll period because there is no period remaining to be tolled.").

   Notably, Petitioner's claim in Ground 3 does not appear to challenge his original conviction and sentence, but instead, appears to challenge the denial of his petition seeking immediate release following the revocation of his parole in 1991.  Doc. 1 at 18; Doc. 24 at 2.  Nonetheless, this claim is still untimely.  Petitioner's parole was revoked in 1991.  Doc. 22 Ex. QQ.  As with a challenge to his original conviction and sentence, because this occurred before the effective date of AEDPA, Petitioner had until April 24, 1997, to timely file a federal habeas petition challenging this revocation of his parole. See, e.g., Simmons v. McDonough, No. 3:07cv390-LAC/EMT, 2008 WL 686965 at *3 (N.D. Fla. Mar. 12, 2008) (contesting events occurring prior to enactment of AEDPA

have one year from AEDPA's effective date to file federal habeas corpus petition); Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209 (11th Cir. 1998). Therefore, this challenge is also untimely.

Petitioner argues he is entitled to have his petition heard regardless of the time bar because of the holding in Martinez v. Ryan, 132 S.Ct. 1309 (2012), and he is presently claiming he was without the benefit of counsel in his initial collateral proceedings. Doc. 1 at 28; Doc. 24 at 2-3. In Martinez, the Supreme Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state court's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S.Ct. at 1320. The Eleventh Circuit has expressly rejected Petitioner's argument that Martinez applies to overcome the AEDPA limitations bar. See Arthur v. Thomas, 739 F.3d 611 (11th Cir. 2014). Further, the Eleventh Circuit more recently reiterated that holding and extended it to the issue of equitable tolling:

> [T]he equitable rule in Martinez "applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding" and "has no application to the operation or tolling of the § 2244(d) statute of limitations" for filing a § 2254 petition. Chavez v. Sec'y, Fla. Dep't of Corr., 742 F.3d 940, 943 (11th Cir. 2014) (citing Arthur v. Thomas, 739 F.3d 611, 629-31 (11th Cir. 2014).

Lambrix v. Sec'y, Dep't of Corr., 756 F.3d 1246, 1262-63 (11th Cir. 2014). Thus, Martinez affords Petitioner no relief from the AEDPA time bar.

In his amended reply, Petitioner argues that he is entitled to have his federal habeas petition heard on the merits notwithstanding the time bar because "any other

relief will be a fundamental miscarriage of justice," citing Murray v. Carrier, 477 U.S. 478 (1986). Doc. 25 at 2. Murray is distinguishable, however, because it involved a claim procedurally defaulted on direct appeal, and cause and prejudice attributable thereto, not the untimely filing of a federal habeas petition. 477 U.S. at 485-92.

Finally, to the extent Petitioner may be arguing his incarceration constitutes a "fundamental miscarriage of justice" because he is "actually innocent," such that he should benefit from the equitable exception to the AEDPA statute of limitations set forth in McQuiggin v. Perkins, 133 S.Ct. 1924 (2013), such argument should also be rejected. To benefit from this exception, Petitioner "must establish that in light of new evidence it is more likely than not that no reasonable juror would have convicted him." Jackson v. Chatman, 589 F. App'x 490, 491 (11th Cir. 2014) (citing McQuiggin, 133 S.Ct. at 1931-32). In this case, however, Petitioner's bare assertion that "a fundamental miscarriage of justice" would result if his § 2254 petition is not considered on the merits appears insufficient to constitute a proper claim of actual innocence. Moreover, Petitioner entered a guilty plea and the state courts have repeatedly found a factual basis therefor. *See* Doc. 22 Ex. C at 9-13 (transcript of plea hearing), Ex. GG at 28; *see also* Bousley v. U.S., 532 U.S. 614, 623 (1998) (explaining petitioner's "claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent'" (quoting Murray, 477 U.S. at 496)). And, as indicated above, Petitioner's conviction became final in 1977 and he did not file anything challenging it until February 14, 2000.

*See* McQuiggin, 133 S.Ct. at 1935 (explaining that timing of challenge is "a factor relevant in evaluating the reliability of a petitioner's proof of innocence").

## Conclusion

For the reasons stated above, this § 2254 petition is untimely. Accordingly, Respondent's motion to dismiss (Doc. 22) should be granted and the § 2254 petition (Doc. 1) should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate

should issue."  Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 22) be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 1) be **DISMISSED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.  The Clerk shall substitute Julie L. Jones as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on May 12, 2015.

> s/ Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**